UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRIN LAURY,

       Plaintiff,                                Case Number 15-13365

v.                                                HON. AVERN COHN

MECHELLE JEVIRELL, et al.,

       Defendants.

_____/

## ORDER OF DISMISSAL

### I. Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff Darrin Laury, an inmate incarcerated at the Oakland County Jail, is proceeding pro se and without prepayment of the filing fee under 28 U.S.C. § 1915(a)(1). For the reasons that follow, the complaint will be dismissed because it fails to state a viable claim under section 1983.

### II. Background

On the same day he filed the complaint in this case, plaintiff filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. See Laury v. Oakland County Jail, case no. 15-13364 (E.D. of Mich.) From the petition, it appears that plaintiff was convicted of simple assault in April of 2015, and is serving a short sentence in jail as a result.

Plaintiff lists forty individuals as defendants. All the defendants seem to have been associated in one fashion or another with his prosecution and imprisonment. They include state judges, caseworkers, attorneys, prosecutors, police officers, ombudsmen,

and court or municipal employees. As best as the Court can determine, plaintiff says that all the defendants have conspired together to put him and keep him in jail and prevent an internal affairs investigation. The complaint mentions violations of court rules, withheld evidence, and forged documents. The complaint also refers to unrelated matters, including insurance policies and plaintiff's assistance in another police investigation. For relief, Plaintiff seeks damages and various forms of injunctive relief, including the removal of his arrest record.

### III. Legal Standard

Civil rights complaints filed by a pro se prisoner are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). Brown v. Bargery, 207 F.3d 863, 866 (6th Cir. 2000). Section 1915(e)(2) requires district courts to screen and to dismiss complaints that are frivolous, fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); McGore v. Wigglesworth, 114 F.3d 601, 604 (6th Cir. 1997). A complaint is frivolous and subject to sua sponte dismissal under § 1915(e) if it lacks an arguable basis in either law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). A plaintiff fails to state a claim upon which relief may be granted, when, construing the complaint in a light most favorable to the plaintiff and accepting all the factual allegations as true, the plaintiff undoubtedly can prove no set of facts in support if his claims that would entitle him to relief. Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996); Cline v. Rogers, 87 F.3d 176, 179 (6th Cir. 1996); Wright v. MetroHealth Med. Ctr., 58 F.3d 1130, 1138 (6th Cir. 1995).

In addition, "a district court may, at any time, dismiss sua sponte a complaint for

lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999)(citing Hagans v. Lavine, 415 U.S. 528, 536-37 (1974)).

IV.  Discussion

The complaint is virtually unintelligible.  To the extent the complaint can be intelligently read, plaintiff says that his current conviction is the invalid result of a conspiracy perpetrated by the defendants.  This is not an appropriate claim under section 1983.  A claim under § 1983 is an appropriate remedy for a state prisoner challenging a condition of his imprisonment, Preiser v. Rodriguez, 411 U.S. 475, 499 (1973), but not the validity of continued confinement.  Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254).  The same principle bars federal prisoners from using a civil rights suit as a substitute for a criminal appeal or post-conviction proceeding.  Beverly v.Reno, 23 F.3d 158, 159 (7th Cir. 1994).

Heck and other Supreme Court cases, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) — no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state

conduct leading to conviction or internal prison proceedings) — if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005).

Plaintiff's claims concerns the validity of his criminal proceedings.  If he were to prevail on those claims, his conviction(s), sentence, and continued confinement would be called into question.  Consequently, his complaint is barred by Heck.

Finally, as to the judges named as defendants, the complaint is subject to dismissal based upon absolute judicial immunity.  Judges are entitled to absolute judicial immunity on claims for monetary damages under 42 U.S.C. § 1983.  See Mireles v Waco, 502 U.S. 9, 9-10 (1991) (per curiam); Bush v. Rauch, 38 F.3d 842, 847 (6th Cir. 1994).  Plaintiff's claims against these defendants concern the performance of their judicial duties and therefore are barred by judicial immunity.

V.  Conclusion

For the reasons stated above, the complaint is DISMISSED under 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  The Court also concludes that an appeal from this decision would be frivolous and cannot be taken in good faith.  See 28 U.S.C. § 1915(a)(3); Coppedge v. United States, 369 U.S. 438, 445 (1962).

SO ORDERED.

                                              S/Avern Cohn
                                              AVERN COHN
                                              UNITED STATES DISTRICT JUDGE

Dated: October 2, 2015

    Detroit, Michigan